UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: MORGAN STANLEY SMITH BARNEY
LLC WAGE AND HOUR EMPLOYMENT
PRACTICES LITIGATION                                                                                        MDL No. 2280


**TRANSFER ORDER**


**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in four actions move to centralize this litigation in the Eastern District of New York. This litigation currently consists of five actions pending in four districts, as listed on Schedule A. Defendant Morgan Stanley Smith Barney LLC (Morgan Stanley) agrees that centralization is appropriate, but suggests centralization in the Central District of California or, alternatively, the District of Connecticut.

After considering all argument of counsel, we find that these actions involve common questions of fact, and that centralization in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All responding parties agree that these actions share factual questions arising out of allegations that Morgan Stanley failed to pay "financial advisors" and "financial advisor trainees" overtime compensation and subjected such employees to unlawful deductions. It is undisputed that discovery in all actions will focus on defendants' company-wide compensation policies for its "financial advisors" and "financial advisor trainees." Accordingly, centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary. *See In re Foot Locker, Inc., Fair Labor Standards Act (FLSA) & Wage & Hour Litig.*, MDL No. 2235, 2011 U.S. Dist. LEXIS 57386, at *1-3 (J.P.M.L. May 26, 2011).

We are persuaded that the District of New Jersey is the most appropriate transferee district. Defendant advocates for centralization in the Central District of California, where class certification was denied in a previously-pending action involving financial advisors employed by defendant. Moving plaintiffs oppose transferring the litigation to that district, preferring instead the Eastern District of New York. We believe that the District of New Jersey provides a forum that will serve the convenience of all parties, since it is relatively near defendant's United States headquarters, and all pending actions and plaintiffs are concentrated on the east coast.

---

[*]        Judge W. Royal Furgeson, Jr. took no part in the decision of this matter.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable William J. Martini for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | Frank C. Damrell, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | |

**IN RE: MORGAN STANLEY SMITH BARNEY
LLC WAGE AND HOUR EMPLOYMENT
PRACTICES LITIGATION** — MDL No. 2280

## SCHEDULE A

<u>District of Connecticut</u>

Howard Rosenblatt v. Morgan Stanley Smith Barney LLC, C.A. No. 3:11-01052

<u>District of New Jersey</u>

Nick Pontilena v. Morgan Stanley Smith Barney LLC, C.A. No. 2:11-03121

<u>Eastern District of New York</u>

Denise Otten v. Morgan Stanley Smith Barney LLC, C.A. No. 1:11-02845
Jimmy Kuhn v. Morgan Stanley Smith Barney LLC, C.A. No. 2:11-02072

<u>District of Rhode Island</u>

Gregg Vanasse v. Morgan Stanley Smith Barney, LLC, C.A. No. 1:11-00250